# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| S.M., on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ATHENA BITCOIN, INC., *et al.*,<br><br>Defendants. | Case No. 1:24-cv-01755<br><br>Judge David A. Ruiz<br><br>**DEFENDANT ATHENA BITCOIN'S REPLY IN SUPPORT OF MOTION TO PREVENT PLAINTIFF FROM PROCEEDING ANONYMOUSLY** |

## INTRODUCTION

Plaintiff concedes that she does not satisfy any of the *Porter* factors to proceed anonymously. Still, plaintiff asks this Court to permit her to hide her real name to protect against a hypothetical future harm. As demonstrated by her own brief and the cases cited within, plaintiff has not, and cannot, demonstrate that her privacy interests "substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Moreover, plaintiff's identity has already been revealed by her counsel in a public filing in this case. For these reasons and as explained in greater detail below, Athena Bitcoin requests that this Court require plaintiff to proceed under her real name.

## ARGUMENT

Litigants do not have the right to proceed anonymously to safeguard their privacy. "Proceeding pseudonymously is the exception rather than the rule, and the plaintiff faces a heavy burden to avoid her obligation under the rules of civil procedure to disclose her identity." *Doe v. Univ. of Akron*, No. 5:15-cv-2309, 2016 WL 4520512, at *2 (N.D. Ohio Feb. 3, 2016) (quotations omitted). Courts analyze the four *Porter* factors to determine whether an exception to

Fed. R. Civ. P. 10(a) is justified. *Porter*, 370 F.3d at 560; *see also, e.g., Doe v. Carson*, Nos. 19-1566/1714, 2020 WL 2611189, at *2 (6th Cir. May 6, 2020); *Doe v. Cuyahoga Cnty.*, No. 1:22-cv-01677, 2023 WL 2374870, at *2 (N.D. Ohio Mar. 6, 2023). At bottom, to proceed anonymously, plaintiff must show that her "privacy interests substantially outweigh the presumption of open judicial proceedings." *Porter*, 370 F.3d at 560.

Plaintiff claims that she should be permitted to proceed anonymously, because she is an elderly woman and if she is forced to use her real name she may, at some point in the future, be exposed to a possible scam by some unknown actor. (*See generally* ECF # 8, Opp. Br.) Notably, plaintiff cites no cases factually similar to her request in which a court has permitted a plaintiff to proceed anonymously. And the cases cited in plaintiff's opposition only underline how she has failed to meet the "heavy burden" to proceed anonymously.

First, the individuals that were granted anonymity in plaintiff's cited cases satisfied at least one of the *Porter* factors. *See Roe v. Wade,* 410 U.S. 113 (1973) (case about abortion before it was legalized, which falls squarely within the third *Porter* factor); *Weaver v. Doe,* 322 F. Supp. 61 (E.D. Ill. 1971) (suit against the government related to eligibility of children to receive assistance—satisfying the first and fourth *Porter* factors); *Doe v. Department of Transportation* 412 F.2d 674 (8th Cir. 1969) (lawsuit against a governmental actor involving "homosexual episodes" and crimes of sodomy—satisfying the first and third *Porter* factors); *John Doe 1-4 v. Snyder*, No. 12-11194, 2012 WL 1344412, at *2 (E.D. Mich. Apr. 18, 2012) (group of registered sex offenders filed suit challenging governmental activity, satisfying the first *Porter* factor).

Further, in other cases plaintiff relies on, courts required plaintiffs to proceed under their real names even when they did satisfy at least one of the *Porter* factors, finding that those plaintiffs had not met the heavy burden to show privacy interests "substantially outweigh[ed]"

open proceedings. In *University of Akron*, a law student sued her university and wanted to proceed anonymously to protect her reputation after being expelled for plagiarism and to prevent disclosure of her private medical information. 2016 WL 4520512, at *3. She satisfied the first *Porter* factor because she was challenging a governmental activity, but this Court still found possible reputational harm and disclosure of medical conditions/disabilities insufficient to outweigh the presumption of public judicial proceedings. *Id.* Same result in *Doe v. Cedarville University*, in which a nursing student sued her university for an involuntary three-day psychiatric hospital stay. 233 N.E.3d 1128, 1131 (Ohio App. 2024). The Ohio appeals court concluded that medical and mental health records were not information of "utmost privacy," and she could not proceed anonymously. *Id.* at 1136. And in *Doe v. FedEx Ground Package Systems*, a sexual assault case brought by two plaintiffs who both satisfied the "utmost intimacy" *Porter* factor, the court permitted only one of the plaintiffs to proceed anonymously. No. 3:21-cv-00395, 2021 WL 5041286, at *9 (M.D. Tenn. Oct 29, 2021). Here, plaintiff cannot even satisfy one of the *Porter* factors, let alone show that her privacy interests substantially outweigh the presumption of public judicial proceedings.

Plaintiff's focus on other "relevant considerations" is misguided and unhelpful to her. Plaintiff's risk-of-harm argument is actually a consideration in a *Porter* factors analysis. In *Porter*, the plaintiffs satisfied two factors—challenging a government activity and bringing a lawsuit on behalf of young children—because they challenged religious instruction in public elementary schools. *Porter*, 370 F.3d at 560-61. The Sixth Circuit affirmed that the plaintiffs could proceed anonymously because they satisfied two of the factors *and* the suit forced them to reveal beliefs that were unpopular in a rural community and subjected them to substantial harassment. *Id.* In other words, risk of harm was not an additional factor, but a consideration that

3

weighed in favor of the two factors that plaintiffs already satisfied. Here, however, plaintiff does not even attempt to argue that she satisfies the *Porter* factors, thus a risk-of-harm analysis is inappropriate.

Even if a risk-of-harm analysis was proper, plaintiff's alleged risk of harm is too speculative and does not come close to the risk of harm in the cases that she cites. In *Snyder*, plaintiffs were registered sex offenders challenging a government activity (satisfying the first *Porter* factor) and feared for their safety because of a death threat and violent comments on an online news article. 2012 WL 1344412, at *2. In *FedEx Ground Package Systems*, plaintiffs were rape and sexual assault victims (satisfying the second *Porter* factor). 2021 WL 5041286, at *5, *9. The one plaintiff that was permitted to proceed anonymously had experienced "significant trauma," and the court found requiring her to disclose her real name would re-traumatize her and "irreparably harm her relationship with her partner and family members." *Id.* at *8. Here, plaintiff's fear—that she could be a target of a future financial scam due to her age—does not come close to the risk of harm requiring anonymity.

Nor does lack of prejudice to Athena Bitcoin justify permitting plaintiff to proceed anonymously. This Court has stated that "[the prejudice-to-defendant] consideration *alone* is insufficient to outweigh compliance with the civil rules of procedure and preference for open judicial proceedings." *Univ. of Akron*, 2016 WL 4520512, at *3 (emphasis added); *see also Cedarville Univ.*, 233 N.E. at 1136 ("But the lack of any prejudice to Defendants is insufficient to sway the balance 'substantially' in Doe's favor."). Regardless of whether Athena Bitcoin would be prejudiced, allowing the plaintiff to proceed anonymously here would deprive the "public . . . [of its] right to know who the parties are" in this lawsuit, which is especially

inappropriate when plaintiff cannot satisfy even one of the *Porter* factors. *Williams v. Cuyahoga Cnty.*, No. 1:23-cv-1879, 2024 WL 468375, at *1 (N.D. Ohio Feb. 7, 2024).

Lastly, but most importantly, plaintiff's counsel has already disclosed her identity in one of their filings. (ECF # 7, First Amended Complaint at 31.) Because her identity has already been made public, plaintiff should be required to continue this action under her real name. *See Doe v. Univ. of Louisville*, No. 3:17-cv-00638, 2018 WL 3313019, at *8-9 (W.D. Ky. July 5, 2018) (concluding that a plaintiff cannot proceed anonymously when his real name already appears in the public record in a related case); *Were v. Bobby*, No. 1:10-cv-698, 2019 WL 7046593, at *10 (S.D. Ohio Dec. 23, 2019) ("That such information is already available to the public appears to be all that is necessary to preclude anonymizing that information . . . ."); *R.M. v. Uber Techs., Inc.*, No. 4:21-cv-01167-SEP, 2023 WL 1778159, at *2 (E.D. Mo. Feb. 6, 2023) (declining to seal information relating to a party's identity because his real name appeared on multiple filings on the docket, including an amended complaint, and thus, was "already public knowledge").

## CONCLUSION

Plaintiff does not satisfy the *Porter* factors and cannot establish that her interest to stay anonymous due to her age and the speculative fear of future of scams substantially outweighs the presumption of open judicial proceedings. Moreover, her real name has already been disclosed by her own counsel on the record. Athena Bitcoin requests that this Court require plaintiff to proceed under her full name in this action.

Dated: November 12, 2024

Respectfully submitted,

<u>/s/ *Terry M. Brennan*</u>
Terry M. Brennan (0065568)
tbrennan@bakerlaw.com
Sam A. Camardo (0089427)
scamardo@bakerlaw.com
Kendall C. Kash (0093717)
kkash@bakerlaw.com
BAKER & HOSTETLER LLP
127 PUBLIC SQUARE, SUITE 2000
CLEVELAND, OH  44114-1214
TELEPHONE:        216.621.0200
FACSIMILE:  216.696.0740

Attorneys for Athena Bitcoin, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2024, the foregoing was electronically filed with the Clerk of Court and will be served via the Court's ECF system.

I further certify that on November 12, 2024, a true and correct copy of the foregoing was sent to the following parties via regular U.S. mail, postage prepaid to:

HEIGHTS TOBACCO, INC.
d/b/a DISCOUNT TOBACCO & BEVERAGE
c/o Michael Brady, Reg. Agent
744 Richmond Road Richmond Heights, Ohio 44143

HEIGHTS MECHANICAL, INC.
c/o Martin J. Keenan, Reg. Agent
870 The Statler Building
Cleveland, Ohio 44101

*/s/ Kendall C. Kash*
One of the attorneys for Athena Bitcoin