IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| S.M., on behalf of herself and all others similarly situated, | ) ) ) | Case No. 1:24-cv-01755 |
| | ) | Judge David A. Ruiz |
| Plaintiff, | ) ) | |
| | ) | DEFENDANT HEIGHTS MECHANICAL, |
| ATHENA BITCOIN, INC., et al., | ) ) | INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT |
| Defendants. | ) | |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Heights Mechanical, Inc., ("Defendant Heights") respectfully moves the Court for an order dismissing Plaintiff's Amended Complaint with prejudice. The attached memorandum in support will demonstrate that Plaintiff's Amended Complaint fails to state a claim for relief and, therefore, should be dismissed.

Respectfully submitted

*/s/ Annemarie LoConti*

_____
Annemarie LoConti (0086771)
LoConti Law Group, LLC
200 Park Avenue, Suite 400
Orange Village, OH 44122
(216)358-6007
(440) 815-2129
aloconti@locontilaw.com.

## CERTIFICATE OF SERVICE

A copy of the foregoing Notice of Appearance was filed on February 13, 2025, and notice will be provided to all registered users via the CM/ECF system. I hereby further certify that on February 13, 2025, a true and correct copy of the foregoing was sent to the following parties via ordinary U.S. Mail, postage prepaid to:

Heights Tobacco, Inc. d/b/a
Discount Tobacco & Beverage
c/o Michael Brady, Reg. agent
744 Richmond Road
Richmond Heights, OH 44143

*/s/ Annemarie LoConti*

Annemarie LoConti

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| S.M., on behalf of herself and all others similarly situated, | ) ) ) | Case No. 1:24-cv-01755 |
| | ) | Judge David A. Ruiz |
| Plaintiff, | ) ) | |
| ATHENA BITCOIN, INC., et al., | ) ) | |
| Defendants. | ) | |

**DEFENDANT HEIGHTS MECHANICAL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................1

PLAINTIFF'S ALLEGATIONS ................................................................................................2

LAW AND ARGUMENT ...........................................................................................................2

    I.    Standard of Review.................................................................................................2

    II.    Plaintiff Cannot Allege a Public Nuisance (Count 3) Against Defendant Heights ....................................................................................................................3

    III.    Plaintiff's Civil Theft Claim (Count 4) Fails Because Defendant Heights Never Received Funds From Plaintiff ..................................................................3

    IV.    Plaintiff's Unjust Enrichment Claim (Count 6) Fails Because Defendant Never Received Funds From Plaintiff ..................................................................4

    V.    Plaintiff's Premises Liability Claim (Count 7) Fails Because Defendant Heights Had No Duty to Warn Because There was No Latent Hazard on Premises That Was Known to Defendant Heights, Plaintiff's "Injury" Did Not Occur on Defendant Heights' Premises and Defendant Heights Had No Duty to Protect Against Criminal Acts Not Occurring on Defendant Heights Premises ........................................................................................................5

        A.  Defendant Heights Had No Duty To Warn Because The Fact That Athena BTMs Are Used in Cryptocurrency Scams Does Not Create a Latent Hazard at Defendant Heights' Store................................................................................................5

        B.  Plaintiff makes no factual allegation demonstrating that Def. Heights had knowledge of a latent hazard at its store ..........................................................................6

        C.  Plaintiff Does Not Allege That Any Injury Occurred on Defendant Heights' Premises ..................................................................................................................7

        D.  Defendant Heights Had No Duty to Protect Plaintiff From Criminal Acts of Third Parties not on the Premises ..................................................................................9

    VI.    Plaintiff's Consumer Trade Practice Act Claim (Count 8) Fails Because Defendant Heights Mechanical Was Not a Party to Any Transaction With Plaintiff ..........................9

    CONCLUSION............................................................................................................11

# TABLE OF AUTHORITIES

**CASES**

*Anderson v. Jancoa Janitorial Servs.,*
*2019-Ohio-3617 (Sept. 9, 2019)* ...................................................................................6

*Armstrong v. Best Buy Co.*
    99 Ohio St.3d 79, 2003-Ohio-2573, ¶14, 788 N.E.2d 1088 ...................................6

*A.M. v. Miami University*
    2017-Ohio-822, 2017 Ohio Misc. LEXIS 3 (Ohio Ct. Cl. Jan. 30, 2017) ...............7

*Baker v. Meijer Stores L.P.*
    12th Dist. Warren No. CA2008-11-136, 2009-Ohio-4681......................................6

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 556 (2007)................................................................................2,7,10

*Brinkmman v. Ross*
    68 Ohio St. 3d 82, 84 1993-Ohio-72, 623 N.E. 2d 1173 (1991)............................6

*Cooper v. Roose*
    (1949), 151 Ohio St. 316, 85 N.E.2d 545 ..............................................................7

*Kemme v. Seltzer Holdings, LLC*
    *2020-Ohio-3142 (June 1, 2020)*............................................................................6

*Phila. Indem. Ins. v. Youth Alive, Inc.*
    732 F.3d 645, 649 (6th Cir. 2013) ....................................................................3,4,5

*Pitts v. Housing Authority*
    *160 Ohio St. 129, 113 N.W.2d 869 (1953)* ............................................................7

*Roberts v. United Dairy Farmers, Inc.*
    2014-Ohio-3881 (Sept. 8, 2014) at ¶ 9 ...................................................................6

*Schmeida v. Dollar Gen.*
    2006-Ohio-3119; 2006 Ohio App. LEXIS 2997 (6/21/2006) ...............................7

*Simpson v. Big Bear Stores Co.,*
    73 Ohio St.3d 130 (1995).....................................................................................7,9

*Snyder v. Walmart, Inc.,*
    *2021 U.S. Dist. LEXIS 183741 (Northern Dist. Ohio September 27, 2021)*............6

*Tackett v. M&G Polymers USA LLC*
    561 F.3d 478, 488 (6th Cir. 2009) ..............................................................2

*Terry v. Tyson Farms, Inc.*
    604 F.3d 272, 275-76 (6th Cir. 2010) ...............................................3,4,5

*Wulf v. Bravo Brio Restaurant Group, Inc.*,
    2019-Ohio-3434, ¶ 22, 142 N.E.3d 123 .........................................................6

**STATUTES**

O.R.C. 1345.03(B) ...............................................................................................10

CO.R.C. 2913.51..................................................................................................3

**RULES**

Federal Rule of Civil Procedure (12(b)(6))..........................................................2

2

# **INTRODUCTION**

Plaintiff alleges that she is the unfortunate victim of a cryptocurrency scheme. The scheme in question began online through the use of Facebook. It continued over the telephone whereby Plaintiff was convinced that her phone had been hacked and her bank accounts were in danger. The unknown scammers told her to withdraw money from her bank accounts and exchange it for bitcoin through the use of Athena Bitcoin kiosks. The scheme ended online when the bitcoin she purchased was transferred to a digital wallet. She later learned that she could not access that digital wallet.

Defendant Heights Mechanical ("Defendant Heights") is first named in Count 3 of Plaintiff's Amended Complaint (Public Nuisance). Count 3 is a claim for public nuisance under the Ohio Products Liability Act which doesn't apply to Defendant Heights and the claim is barred by Ohio's economic loss doctrine.

Counts 4 (Civil Theft) and Count 6 (Unjust Enrichment) cannot apply to Defendant Heights because Defendant never received any money from Plaintiff.

In Count 7 (Premises Liability) Plaintiff attempts to create a premises liability claim against Defendant Heights without alleging a bodily injury or injury to property that occurred on the premises owned and controlled by Defendant Heights.

Count 8 claims a violation of the Ohio Consumer Sales Practices Act. In this claim Plaintiff attempts to make Defendant Heights a participant in the transactions between Plaintiff and Athena Bitcoin. This claim likewise fails because Plaintiff does not allege facts to show that Defendant Heights participated in said transaction.

For these and other reasons stated below, all claims against Defendant Heights should be dismissed with prejudice.

## PLAINTIFF'S ALLEGATIONS AGAINST DEFENDANT HEIGHTS

Plaintiff makes only one factual allegation against Defendant Heights Mechanical – that Plaintiff deposited cash into a BTM located on its premises.

The first 37 paragraphs of her Amended Complaint describe the nature of bitcoin, cryptocurrency and bitcoin kiosks and how they operate.

Paragraphs 38 through 47 make factual allegations demonstrating that <u>Defendant Athena Bitcoin</u> was expressly aware of how its BTM kiosks were used in cryptocurrency schemes.

Beginning at Paragraph 48 and continuing through Paragraph 51, Plaintiff starts using the word "Defendants" without specifying which defendants she refers to. However, the factual allegations in the Amended Complaint demonstrate that she can only be referring to Defendant Athena Bitcoin. Those paragraphs refer to the exorbitant markup received by selling BTC through the BTMs, and that markup being the motivation for their failure to act (Pl. Am.Compl., ¶48-51). Those allegations cannot refer to Defendant Heights as Plaintiff makes clear that using the machine creates a contract with Athena Bitcoin, not Defendant Heights Mechanical. (*Id*. at 37).

Plaintiff's Complaint simply recites the necessary elements of certain claims against Defendant Heights. The Court need not accept those conclusory statement as true without more.

## LAW AND ARGUMENT

I. **Standard of Review**

As outlined in *Tackett v. M&G Polymers USA LLC,* 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)), in order to avoid dismissal under Rule 12(b)(6), plaintiff's complaint must contain the following:

2

(1) enough facts to state a claim to relief that is plausible,
(2) more than a formulaic recitation of a cause of action's elements, and
(3) allegations that suggest a right to relief above a speculative level.

*Id.* At 488.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. In considering a Rule 12(b)(6) motion to dismiss, the court need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.

*Phila. Indem. Ins. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010) (quotations omitted).

**II.     Plaintiff Cannot Allege a Public Nuisance (Count 3) Against Defendant Heights**

Defendant Heights adopts and joins the arguments made by Defendant Athena Bitcoin in its Motion to Dismiss as they relate to Count 3 of Plaintiff's Amended Complaint (Athena Bitcoin's Motion to Dismiss, pp. 10-14).

**III.    Plaintiff's Civil Theft Claim – Receiving Stolen Property (Count 4) Fails Because Defendant Heights Did Not Receive Anything From Plaintiff**

Plaintiff alleges that Defendant Heights received stolen property from Plaintiff. She cites Ohio Revised Code § 2913.51, which states, in relevant part:

> No person shall receive, retain or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.

O.R.C. 2913.51(A). Plaintiff's factual allegations fail to demonstrate that Defendant Heights "received, retained or disposed" of any property of Plaintiff. Plaintiff alleges that she entered into a unilateral contract with Athena Bitcoin by depositing cash into the bitcoin kiosk. (Am. Compl. ¶ 37). She does not allege a contract with Defendant Heights. Plaintiff alleges that Defendant Athena Bitcoin received Plaintiff's funds through it kiosk. (*Id.* at ¶102). Plaintiff does not allege that

3

Defendant Heights received any funds from Plaintiff. Plaintiff alleges that Athena Bitcoin charged a fee at the time of the transaction. (*Id.* a ¶31). There are no factual allegations in Plaintiff's Complaint that Defendant Heights charged a fee to use the kiosk.

Plaintiff further alleges that "Defendants were made expressly aware that the Athena BTM transactions . . . were the result of a fraudulent scam, however, Defendants failed to refund Plaintiff . . . ." (*Id.* at ¶104). Plaintiff does not allege, nor could she allege, that she contacted Defendant Heights. She alleges that she contacted Athena Bitcoin and requested a refund. *Id.* at 63).

Count 4, as it relates to Defendant Heights, contains nothing more than legal conclusions that Defendant Heights is liable for receiving stolen property. There are no factual allegations in her Amended Complaint supporting her claim that Defendants Heights received money, stolen or not, from Plaintiff. With mere conclusory statements that Defendant Heights is liable for receiving stolen property, and nothing more, Plaintiff claim fails. As stated above, "the court need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. <u>Phila. Indem. Ins. v. Youth Alive, Inc.</u>, 732 F.3d 645, 649 (6th Cir. 2013) (quoting <u>Terry v. Tyson Farms, Inc.</u>, 604 F.3d 272, 275-76 (6th Cir. 2010).

Plaintiff's civil theft claim against Defendant Heights should be dismissed with prejudice because it fails to state a claim for which relief can be granted.

IV. **Plaintiff's Unjust Enrichment Claim (Count 6) Fails Because Defendant Heights Did Not Receive Anything from Plaintiff**

Plaintiff includes the same conclusory allegations and legal conclusions in Count 6 as she did in Count 4. Again, she claims that "Defendants" were unjustly enriched, but her factual allegations actually demonstrate that Defendant Heights did not receive any of Plaintiff's funds. (Pl. Am. Compl. ¶37) Count 6 fails because Plaintiff does not make any factual allegation that Defendant Heights

4

received and improperly kept Plaintiff's funds. As stated above, "the court need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Phila. Indem. Ins. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010).

V. **Plaintiff's Premises Liability Claim (Count 7) Fails Because Defendant Heights Had No Duty to Warn Because There was No Latent Hazard on Premises That Was Known to Defendant Heights, Plaintiff's "Injury" Did Not Occur on Defendant Heights' Premises and Defendant Heights Had No Duty to Protect Against Criminal Acts Not Occurring on Defendant Heights Premises**

    A. Defendant Heights Had No Duty To Warn Because The Fact That Athena BTMs Are Used in Cryptocurrency Scams Does Not Create a Latent Hazard at Defendant Heights' Store

Plaintiff makes no allegation in her complaint that factually supports her conclusion that the Athena Bitcoin BTM on Defendant Heights' property is a latent hazard <u>because it is commonly used in cryptocurrency schemes</u>. (Pl. Am. Comp., ¶128, emphasis supplied). The Athena Bitcoin BTM is a machine through which one can purchase bitcoin. (*Id.* at ¶30). The machine itself displays a warning about the very type of fraud that Plaintiff alleges she suffered. (Def. Athena Bitcoin's Motion to Dismiss, p 1). Plaintiff has alleged no facts whatsoever in support of her claim that the machine is a latent hazard, that Defendant Heights knew the machine was a latent hazard, that he owed a duty to warn her, or that he breached that duty. She simply states in Count 7 legal conclusions that masquerade as factual allegations to support a claim for premises liability. The insufficiency of Count 7 is made even more obvious when comparing the factual allegations Plaintiff made against Defendant Athena Bitcoin. Plaintiff spent nine paragraphs laying out in great detail how much Defendant Athena Bitcoin knew about cryptocurrency scams and the duties owed to Plaintiff and why they were owed. As for Defendant Heights, not a single factual allegation – merely a list of legal conclusions that Defendant Heights is liable for premises liability. "The court need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Phila. Indem. Ins. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010).

5

If the Athena Bitcoin BTM on Defendant Heights premises is deemed a hazard, it is an open and obvious hazard for which no duty to warn exists. The Court stated n *Kemme v. Seltzer Holdings, LLC 2020-Ohio-3142 (June 1, 2020)*:

> "The business owner has a duty to warn invitees of latent or concealed dangers the owner knows of, or has reason to know of, that invitees would not expect to discover or protect against." <u>Baker v. Meijer Stores L.P., 12th Dist. Warren No. CA2008-11-136, 2009-Ohio-4681, ¶ 27</u>. However, a business owner or occupier is not the insurer of an invitee's safety. <u>Id.</u>; <u>Anderson v. Jancoa Janitorial Servs. 2019-Ohio-3617 (Sept. 9, 2019) at ¶ 25</u>. The business owner has no duty to warn of open and obvious hazards. <u>Roberts v. United Dairy Farmers, Inc., 2014-Ohio-3881 (Sept. 8, 2014) at ¶ 9</u>. Instead, invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. *See* <u>Brinkman v. Ross, 68 Ohio St. 3d 82, 84, 1993-Ohio-72, 623 N.E.2d 1175, (1993)</u>. The rationale behind this rule is that "the open and obvious nature of the hazard itself serves as a warning." <u>Id.</u> at ¶ 9. When the open and obvious doctrine applies, it obviates the duty to warn and acts as a complete bar to any negligence claims. <u>Armstrong v. Best Buy Co., 99 Ohio St.3d 79, 2003-Ohio-2573, ¶14, 788 N.E.2d 1088</u>; <u>Wulf v. Bravo Brio Restaurant Group, Inc., 2019-Ohio-3434, ¶ 22, 142 N.E.3d 123</u>.

"Premises liability is a specific type of negligence claim based on an injury that arises out of a condition on the property as opposed to an injury arising out of the activity or conduct that created the condition." *Snyder v. Walmart, Inc.*, 2021 U.S. Dist. LEXIS 183741 (Northern Dist. Ohio September 27, 2021). Plaintiff does not allege that there is anything dangerous about the Athena BTM machine itself. (Pl. Am. Compl. ¶129). There is no allegation that machine malfunctioned and injured Plaintiff. Plaintiff does not allege a bodily injury. The machine on Defendant Heights premises did not make Plaintiff a victim of a cryptocurrency scam. That happened before she entered Defendant Heights' premises. (*Id.* at ¶¶ 62-61). The machine itself did what Plaintiff instructed it to do. Those instructions came after Plaintiff was warned by the machine itself. (Def. Athena's Motion to Dismiss, p. 1).

    B. <u>Plaintiff makes no factual allegation demonstrating that Def. Heights had knowledge of a latent hazard at its store</u>

Plaintiff's Amended Complaint alleges (i) that the Athena BTM located in Defendant Heights' store is a latent hazard, (ii) that Defendant Heights had "actual knowledge" that the BTMs

are commonly used to perpetuate crypotcurrency scams, (iii) Defendant Heights had a duty to warn Plaintiff that BTMs are commonly used to perpetuate cryptocurrency scams, (iv) Defendant Heights breached that duty by failing to warn Plaintiff, and (v) Defendant Heights' failure to warn was "intentional and purposeful and not merely negligent." (Pl. Am. Compl. ¶128-33).

Plaintiff's claim fails to state a claim for relief that is plausible on its face. Plaintiff has simply made allegations that are consistent with a store owner's premises liability. Plaintiff's assertions in Count 7 are not factual allegations. They are the conclusions she would like the court to reach so that Defendant Heights may be held responsible for Plaintiff's losses. She has not alleged even one fact that would support any of the conclusions she has reached.

A claim is "plausible on its face" if the factual content in the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged", *Bell Atl. Corp v. Twombly,* 550 U.S. 556, 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitle to relief." *Id. (*550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice. *Id*. (550 U.S. at 555).

    C.  <u>Plaintiff Does Not Allege That Any Injury Occurred on Defendant Heights' Premises</u>

To state a premises liability claim against Defendant Heights, the injury must occur on premises that Defendant Heights owns and maintains control over. *Simpson v. Big Bear Stores Co.,* 73 Ohio St.3d 130 (1995), *A.M. v. Miami University*, 2017-Ohio-822, 2017 Ohio Misc. LEXIS 3 (Ohio Ct. Cl. January 30, 2017), *Schmeida v. Dollar Gen.,* 2006-Ohio-3119; 2006 Ohio App. LEXIS 2997 (6/21/2006) (citing *Pitts v. Housing Authority (1953), 160 Ohio St. 129, 113 N.W.2d 869; Cooper v. Roose (1949), 151 Ohio St. 316, 85 N.E.2d 545.*

Plaintiff does not allege in her complaint that she was injured on the premises of Defendant Heights Mechanical. The only event Plaintiff alleges occurred at Defendant Heights 'store is the transaction involving the purchase of Athena bitcoin through Athena's kiosk (Pl. Am. Comp. ¶ 59). If Plaintiff suffered an injury, it did not occur on the premises of Defendant Heights. Plaintiff's factual allegations demonstrate that reality. Bitcoin is a form of virtual currency designed to act as money and a form of payment outside the control of any one person, group or entity (*Id.* at ¶19). The cryptocurrency is transferred back and forth and transactions are recorded online (*Id*. at ¶20). Owners of bitcoin keep their virtual currency in a "wallet" which is online. (*Id.* at ¶ 22). Each Athena Bitcoin BTMs are connected to the internet (*Id.* at ¶ 32) and customers can sign into their online wallet. Customers can deposit money into Athena's Bitcoin kiosks to exchange it for bitcoin. (*Id.* at ¶ 30). After a customer purchases the bitcoin, the virtual currency is transferred via the internet to the customer's virtual wallet. (*Id.* at ¶ 34). Plaintiff alleges that the theft of her money occurred online after Athena Bitcoin received its fee and the bitcoin was then directed to the online wallet that received the bitcoin. (*Id*. at ¶¶ 53-61). Plaintiff also alleges that Athena Bitcoin is "engaged in the business of placing and **remotely operating** cryptocurrency BTMs" (*Id.* at ¶38). Plaintiff makes no such allegation against Defendant Heights. Plaintiff's loss occurred on the internet through a scam that utilized cell phones and the internet. (*Id.* at 52-61). The internet wallet was not created at Defendant Heights Store (Id. at ¶119). That fact is established by Plaintiff's allegations that she used a different Athena BTM to purchase bitcoin to be placed in the online wallet before entering Defendant Heights premises. (*Id.* at ¶56) The BTM simply gave Plaintiff a way to access the internet wallet to exchange her cash for bitcoin. The transfer of the bitcoin she purchased took place on the internet.

### D. Defendant Heights Had No Duty to Protect Plaintiff From Criminal Acts of Third Parties not on the Premises

Plaintiffs amended complaint asserts Defendant Heights had a duty to warn against third party criminal acts. (Am. Compl ¶ 131). Plaintiff makes no allegation that the third party criminal entered Defendant Heights' premises. The Ohio Supreme Court stated in *Simpson v. Big Bear Stores Co.* 73 Ohio St.3d 130 that:

> A business owner has a duty to warn or protect its business invitees from criminal acts of third parties when the business owner knows or should know that there is a substantial risk of harm to its invitees on the premises in the possession and control of the business owner. <u>The duty does not extend to premises not in the possession and control of the business owner</u>.

*Id.* at 135 (emphasis supplied).

Plaintiff's factual allegations in her Amended Complaint clearly demonstrate that the criminal acts that Plaintiff alleges occurred on the phone and online. Plaintiff had already succumbed to the scheme before she entered the premises of Defendant Heights. The crimes did not occur on the premises of Defendant Heights. Therefore, no duty to protect attached. *Simpson v. Big Bear Stores, id. at* 135.

Count 7 of Plaintiff's Amended Complaint should be dismissed with prejudice because it fails to state a claim for relief.

### VI. Count 8 of Plaintiff's Amended Complaint Fails Because Defendant Heights Was Not a Party to the Transaction Between Athena Bitcoin and Plaintiff

In Plaintiff's attempt to hold Defendant Heights responsible for her misfortune, Plaintiff claims that Defendant violated the Ohio Consumer Sales Practice Act. She makes yet another conclusory statement unsupported by any factual allegation that Defendant Heights was a party to the transaction between Athena Bitcoin and Plaintiff. Her factual allegations make clear that the transaction she engaged in was with Athena Bitcoin and not Heights Mechanical. (Pl. Am. Compl. ¶¶36, 37). Apart from the fact that Plaintiff has alleged no facts that would support the conclusion

that Defendant Heights was part of the transaction between Plaintiff and Defendant Athena Bitcoin, she provides a list of circumstances that should be considered under O.R.C. 1345.03(B) when determining whether a supplier committed an unconscionable act or practice. (*Id.* at ¶139). Those circumstances include: (1) when the supplier has knowingly taken advantage of the inability of the consumer reasonable to protect the consumer's interests because of the consumer's physical or mental infirmities, ignorance, illiteracy, or inability to understand the language of an agreement; and (2) whether the supplier knew at the time the consumer transaction was entered into that the price was substantially in excess of the price at which similar property or services were readily obtainable in similar consumer transactions by like consumers. O.R.C. 1345.03(B). Aside from the fact that Plaintiff does not allege facts that make Defendant Heights part of the transaction between Plaintiff and Athena Bit Coin, Plaintiff does not even allege that she was physically or mentally infirm, that she was ignorant, illiterate or couldn't understand the language of agreement. She also doesn't allege that the price of the transaction was in excess of the price at which similar property or services were readily available. The only thing Plaintiff alleges is that she is 80 years old. The statute does not provide consideration based on age. The entire Count should be dismissed because it cannot meet the plausibility standard contained in *Bell Atl. Corp v. Twombly,* 550 U.S. 556, 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (A claim is "plausible on its face" if the factual content in the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; [w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitle to relief"; "[t]hreadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Id*. (550 U.S. at 555-557)).

## CONCLUSION

In conclusion, Plaintiff's Complaint should be dismissed with prejudice because it fails to state a claim for relief.

Respectfully submitted

*/s/ Annemarie LoConti*

_____

Annemarie LoConti (0086771)
LoConti Law Group, LLC
200 Park Avenue, Suite 400
Orange Village, OH 44122
(216)358-6007
(440) 815-2129
aloconti@locontilaw.com.

CERTIFICATE OF SERVICE

A copy of the foregoing Notice of Appearance was filed on February 13, 2025 and notice will be provided to all registered users via the CM/ECF system. I hereby further certify that on February 13, 2025, a true and correct copy of the foregoing was sent to the following parties via ordinary U.S. Mail, postage prepaid to:

      Heights Tobacco, Inc. d/b/a
      Discount Tobacco & Beverage
      c/o Michael Brady, Reg. agent
      744 Richmond Road
      Richmond Heights, OH 44143

                                    */s/ Annemarie LoConti*

                                    Annemarie LoConti