IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| S.M., on behalf of herself and all others similarly situated, | ) ) ) | Case No. 1:24-cv-01755 |
| | ) | Judge David A. Ruiz |
| Plaintiff, | ) ) | |
| ATHENA BITCOIN, INC., et al., | ) ) | |
| Defendants. | ) | |

# DEFENDANT HEIGHTS MECHANICAL'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

# TABLE OF CONTENTS

Table of Authorities ..................................................................................................2

Standard of Review..................................................................................................3

Count III – Public Nuisance.....................................................................................4

Count IV – Civil Theft - Fails Because Defendant Heights Did Not Receive
 Any Stolen Property from Plaintiff ....................................................................4

Count V – Conversion .............................................................................................6

Count VI - Unjust Enrichment .................................................................................6

Count VII – Premises Liability ................................................................................7

Count VIII Should Be Dismissed Because Defendant Heights Was
 Not a Party to the Transaction Between Plaintiff and Athena Bitcoin ...........10

# **TABLE OF AUTHORITIES**

## **CASES**

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 556 (2007)..................................................................................4

*Bunta v. Superior VacPress*, 171 Ohio St.3d 464 (2022) ......................................6

*Goodin v. Kroger Co*, 1993 Ohio App. LEXIS 3152 ...............................................8

*Mermer v. Med Correspondence,*115 Ohio App. 3d 717, 696 N.E.2d (1996) ...................11

*Nilbert v. K-Mart Corp.,* 1990 Ohio App. LEXIS 1930 ........................................8

*Patterson v. Cent. Mills, Inc.*, 112 F. Supp.2d 681 (N.D. Ohio 2000) ................11

*Phila. Indem. Ins. v. Youth Alive, Inc.*
    732 F.3d 645, 649 (6th Cir. 2013)..........................................4,6,7,10,12,13

*Simpson v. Big Bear Stores Co.,*
    73 Ohio St.3d 130 (1995)...................................................................................8

*Tackett v. M&G Polymers USA LLC*
    561 F.3d 478, 488 (6th Cir. 2009)....................................................................4

*Terry v. Tyson Farms, Inc.*
    604 F.3d 272, 275-76 (6th Cir. 2010)....................................4,6,7,10,12,13

## **STATUTES**

O.R.C. 1345.03(B) ...............................................................................................10,11

O.R.C. 2913.51 ..........................................................................................................4

## **RULES**

Federal Rule of Civil Procedure (12(b)(6))............................................................4

The Court should dismiss Plaintiff's Amended Complaint. Her arguments in opposition have no merit.

## Standard of Review

As outlined in *Tackett v. M&G Polymers USA LLC,* 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)), in order to avoid dismissal under Rule 12(b)(6), plaintiff's complaint must contain the following:

> (1) enough facts to state a claim to relief that is plausible,
> (2) more than a formulaic recitation of a cause of action's elements, and
> (3) allegations that suggest a right to relief above a speculative level.

*Id.* At 488.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. In considering a Rule 12(b)(6) motion to dismiss, the court need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.

*Phila. Indem. Ins. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010) (quotations omitted).

## Count III – Public Nuisance

Defendant Heights joins in Defendant Athena Bitcoin's Reply Memorandum in Support of Athena Bitcoin's Motion to Dismiss, specifically pages 5-8, PageID # 264-266.

## Count IV – Civil Theft - Fails Because Defendant Heights Did Not Receive Any Stolen Property from Plaintiff

Ohio Revised Code § 2913.51(A) states, "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." Plaintiff makes no factual allegation in her

4

Amended Complaint that Defendant Heights ever received anything from Plaintiff. She simply recites legal conclusions against Defendant Heights using factual allegations she makes against Defendant Athena Bitcoin.

In Plaintiff's Reply to Defendant Heights Motion to Dismiss, Plaintiff simply repeats her allegations against Defendant Athena Bitcoin and assigns those allegations to Defendant Heights. In her Reply to Defendant Heights' Motion to Dismiss, Plaintiff claims that by having the Athena Bitcoin BTM in its store, Defendant Heights "effectively" retained possession of Plaintiff's stolen money, at least temporarily. (Pl. Reply, p. 12. PageID# 287). However, Plaintiff's own Amended Complaint demonstrates that the funds deposited into the machine were not stolen at the time of deposit. (Pl. Am. Compl. ¶ 102. PageID# 130). That money was used to purchase bitcoin. It was the bitcoin that was stolen because Plaintiff directed the bitcoin into an online wallet to which she had no access. Plaintiff admits that bitcoin is a cryptocurrency that resides on the internet. (Pl. Am. Compl. ¶ 20, PageID # 114). It does not reside in the Athena Bitcoin BTM. She makes no allegation whatsoever that Defendant Heights received, retained or refused to refund any bitcoin currency belonging to Plaintiff "effectively" or otherwise. The cash deposited into the Athena Bitcoin BTM was never stolen and did not become stolen after the fact. What was stolen is the bitcoin Plaintiff purchased.

In her Reply she also concludes that Defendant Heights was aware of the nature of the transactions and that Defendant Heights knew or should have known especially after it was made aware of the fraudulent transactions and still allowed the Athena Bitcoin ATM to operate without intervention. (Pl. Reply, pp. 12-13, PageID # 287-288). However, she never actually makes a factual allegation that Defendant Heights was ever informed of the nature of the transactions. She claims that <u>Athena Bitcoin</u> was informed: "Plaintiff further alleges that despite being made aware

5

that the transactions were fraudulent, Athena refused to return any portion of her funds, including the profits and fees it retained." (Pl. Reply, p. 12, PG ID # 287). How does this **allegation against Athena Bitcoin** support Plaintiff's legal conclusion that <u>**Defendant Heights**</u> was made aware of the fraud and refused to return Plaintiff's money? It does not. Absolutely nothing is alleged in the Amended Complaint or the Reply showing that Defendant Heights was made aware by Plaintiff or anyone else of Plaintiff's misfortune.

There are no factual allegations in Plaintiff's Amended Complaint supporting the claim that Defendant Heights received, retained or possessed stolen property. Count IV consists of conclusory statements and legal conclusions that are disguised as factual allegations. Count IV is insufficiently pled and should be dismissed. *Phila. Indem. Ins. v. Youth Alive, Inc.,* 732 F.3d 645, 649 (6th Cir. 2013) (quoting *Terry v. Tyson Farms, Inc.*, 604 F. 3d 272, 275-76 (6th Cir. 2010).

## Count V – Conversion

Defendant Heights did not address Count V in its Motion to Dismiss because Plaintiff had already conceded that she didn't have a claim for conversion. However, Defendant Heights joins in Defendant Athena Bitcoin's Motion to Dismiss as it relates to Count V (pp. 15-16) and in its Reply Memorandum in Support of its Motion to Dismiss (p. 8, PG ID # 267).

## Count VI – Unjust Enrichment

The elements of unjust enrichment are: (i) plaintiff conferred a benefit upon the defendant; (ii) the defendant had knowledge of such benefit, and (iii) the defendant retained that benefit under circumstances in which it would be unjust to do so without payment. *Bunta v. Superior VacPress*, 171 Ohio St.3d 464 (2022). There is no allegation in Plaintiff's Amended Complaint or her Reply to Defendant Heights' Motion to Dismiss that Defendant Heights ever received or retained any of the bitcoin that Plaintiff alleges was stolen from her. Plaintiff does not allege that Defendant

Heights charged her to use the Athena Bitcoin BTM or required her to make a purchase to use the BTM. There is no allegation in Plaintiff's Amended Complaint or her Reply Brief that Plaintiff conferred a benefit on Defendant Heights. In fact, Plaintiff's Reply to Defendant Heights' Motion to Dismiss makes it crystal clear that the only Defendant Plaintiff alleges received a benefit from Plaintiff is Defendant Athena Bitcoin:

> Plaintiff alleges that her deposits at the Athena Bitcoin ATMs located within the Store Defendants' establishments generated significant profits for **Athena** through fees and markups. *See FAC,* ¶¶ 49, PageID# 119,133. For instance, her first $6,000 deposit was converted to Bitcoin at a 33% markup, resulting in an approximate $4,800 profit for **Athena**. *Id.* ¶ 49, PageID # 119. Across all transactions, **Athena** retained a total profit of $17,360.80 from Plaintiff's loss. *Id.* ¶ 103, PageID # 130. Thus, Plaintiff adequately alleges a conferred benefit.

(Pl. Response to Defendant Heights Motion to Dismiss, pp. 13-14, Page ID # 288-289. Emphasis added). Plaintiff may have bestowed a benefit, but it was not to Defendant Heights, and she does not allege otherwise.

The bitcoin that was stolen from Plaintiff resided on the internet and not in the Athena Bitcoin BTM. There are no allegations that Defendant Heights had access to the bitcoin at any time. Because Plaintiff makes no factual allegations that Defendant Heights received or retained any stolen property of Plaintiff, Plaintiff has not met the burden of alleging that Plaintiff conferred a benefit on Defendant Heights, that Defendant Heights knew of the benefit or unjustly retained a benefit. Therefore, Count VI is insufficiently pled and should be dismissed. *Phila. Indem. Ins. v. Youth Alive, Inc.,* 732 F.3d 645, 649 (6th Cir. 2013) (quoting *Terry v. Tyson Farms, Inc.*, 604 F. 3d 272, 275-76 (6th Cir. 2010).

## Count VII – Premises Liability

Count VII should be dismissed for several reasons. Premises liability cases involve a bodily injury or injury to property on the premises of another. A store owner has the duty to

exercise reasonable care to protect customers from an unreasonable risk of physical harm. *Goodin v. Kroger Co, 1993 Ohio App. LEXIS 3152.* Plaintiff does not allege that physical harm befell her on Defendant Heights property. The Athena Bitcoin BTM did not cause an injury to Plaintiff. Even in cases where a premises liability claim was brought because a third party criminal stole money or property from a patron, the third party criminal was present on the store owner's premises. Store owners are not liable for criminal acts that do not take place on their premises. *Simpson v. Big Bear Stores Co.,* 73 Ohio St.3d 130 (1995). Plaintiff's Amended Complaint makes clear that the third party criminal in this case was not on Defendant Heights' Premises (Pl. Am. Compl. ¶ 58, PageID # 121).

Plaintiff alleges that the Athena Bitcoin BTM is a latent hazard on Defendant Heights' Property. She states that the fact that bitcoin BTMs can be used in cryptocurrency scams turn the machine into a latent hazard. Plaintiff does not allege a physical injury that was caused by the machine. Rather, she alleges a loss of money caused by unknown scammers at unknown locations. However, even if it was determined that the Athena Bitcoin BTM was a latent hazard (which it is not), Plaintiff has made no factual allegations against Defendant Heights showing that Defendant Heights knew the machine was a latent hazard. The duty to warn is based on the proprietor's superior knowledge of a dangerous condition on his premises *Nilbert v. K-Mart Corp.,* 1990 Ohio App. LEXIS 1930. Plaintiff has provided no factual allegations in her Amended Complaint or Reply that credibly allege Defendant Heights had knowledge of a hazardous condition on its property. Every single allegation in her Amended Complaint about knowledge of fraudulent schemes is levied against Defendant Athena Bitcoin, not Defendant Heights. Plaintiff, in her Reply, makes a remarkable admission:

> Plaintiff alleges that Heights Mechanical had actual knowledge that Athena ATMs are frequently used to perpetrate cryptocurrency scams, particularly against elderly individuals like Plaintiff. See FAC, ¶ 128, Page ID # 135. Plaintiff supports this claim by pointing to **Athena's** own public acknowledgments of fraud risks associated with its ATMs."

(Plaintiff's Reply, p. 15) (emphasis added). Plaintiff is merely attempting to disguise the fact that her Amended Complaint is void of factual allegations against Defendant Heights, by claiming that a public statement made by Athena and others on their websites is sufficient to charge Defendant Heights with the same knowledge as Athena Bitcoin. Defendant Heights is one convenience store and gas station. It is not in the business of bitcoin or cryptocurrency. Its business is to sell food, beverages and gas. It leases space to Athena Bitcoin for a kiosk as a convenience to patrons who might want to purchase bitcoin. That fact does not make it an expert in bitcoin or fraudulent schemes involving bitcoin. Nor it is an expert in banking simply because there is an ATM machine on the property. If the fact that Athena Bitcoin and others published information about cryptocurrency scams on their websites is sufficient to claim Defendant Heights had "actual knowledge," then it could be reasoned that Plaintiff also had actual knowledge and no duty to warn existed. Both parties are members of the general public with no expertise in bitcoin and both parties had access to the same information.

Plaintiff was not injured on Defendant Heights' Premises. Plaintiff lost money when the bitcoin she purchased was stolen. The theft of her bitcoin occurred online. Plaintiff alleges she was the victim of a cryptocurrency scam. (Pl. Am. Comp. ¶ 53). She alleges that she withdrew her own funds from her banks and, at the direction of scammers, exchanged cash for bitcoin and the bitcoin was stolen from her because she directed the bitcoin into a wallet that had been created by the scammers to which she had no access. The Athena Bitcoin BTM does not contain bitcoin.

Bitcoin is a digital currency that resides on the internet. The injury Plaintiff alleges occurred on the internet and not on the premises of Defendant Heights.

Count VII fails to allege facts that an injury occurred on Defendant Heights' premises, that a latent hazard existed on premises, or that Defendant Heights knew about any latent hazard and failed to warn Plaintiff. She has merely provided conclusory statements and legal conclusions that should be disregarded. *Phila. Indem. Ins. v. Youth Alive, Inc.,* 732 F.3d 645, 649 (6th Cir. 2013) (quoting *Terry v. Tyson Farms, Inc.*, 604 F. 3d 272, 275-76 (6th Cir. 2010).

### **Count VIII Should Be Dismissed Because Defendant Heights Was Not a Party to the Transaction Between Plaintiff and Athena Bitcoin**

Under the Ohio Consumer Sales Practice Act a consumer transaction means:

> A sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of those things.

O.R.C. § 1345.01(A). Plaintiff alleges in her Amended Complaint that she entered into a transaction with Athena Bitcoin, that she deposited money into Athena Bitcoin's BTM and purchased bitcoin from Athena Bitcoin, that Athena Bitcoin charged her a fee for the service they provided. Nowhere does Plaintiff allege that the transaction she conducted was with Defendant Heights. Plaintiff acknowledges that Defendant Heights does not own the machine but is merely a host. (Pl. Reply, p. 16, PageID # 291). There is no allegation that Plaintiff paid Defendant Heights to use the machine. There is no allegation that Plaintiff was required to purchase a product in order to use the machine. She claims that under the CSPA, Defendant Heights is a supplier of the machine. However, Defendant Heights wasn't selling the machine. The product being offered is the bitcoin, not the kiosk. Plaintiff admits that Defendant Heights is not the owner of the machine. Likewise, there is no allegation in Plaintiff's Amended Complaint or Reply that

Defendant Heights set the prices or fees for the bitcoin. According to the CSPA, Athena Bitcoin is the supplier in its transaction with Plaintiff. O.R.C. § 1345.01(C) provides, in relevant part:

> "Supplier" means a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer. . . .

O.R.C. §1345.01(C). Athena is the seller of the bitcoin, not Defendant Heights. In the cases cited by Plaintiff, each alleged participant in a transaction actually had some nexus to the transaction. In *Mermer v. Med Correspondence,* 115 Ohio App. 3d 717, 696 N.E.2d (1996), the claim involved an attorney who hired a company to retrieve medical records. The attorney would pay the retrieval company a fee for the service and pass the charge to his client. The client sued under the CSPA for excessive fees and the court determined that even though the medical records company had a contract with the lawyer, the client was the ultimate payer of the fees, and therefore could be considered part of the transaction. In *Patterson v. Cent. Mills, Inc.*, 112 F. Supp.2d 681 (N.D. Ohio 2000), the case involved a child who suffered burns after the shirt he was wearing caught fire on the stove. In that case, the manufacturer of the shirt sold the shirt to a wholesale supplier who then sold the shirt to a retailer who sold the shirt to Plaintiff. The Court determined that under the CSPA the manufacturer, supplier and retailer were all part of the transaction. Plaintiff has made no allegation that Defendant Heights was involved in the transaction between Athena Bitcoin and herself. Plaintiff attempts to broaden the CSPA in an unintended fashion. This interpretation of the CSPA would make every Ohio store a party to every bank-owed ATM transaction that occurs on its premises. Surely that is not the intention of the CSPA as evidenced by the lack of any cases holding as much.

Count VIII should be dismissed because Plaintiff has made no plausible allegation that Defendant Heights was a party to the transaction between Athena Bitcoin and Plaintiff. She again

makes only conclusory statements and legal conclusions with no factual allegations to support her claim. *Phila. Indem. Ins. v. Youth Alive, Inc.,* 732 F.3d 645, 649 (6th Cir. 2013) (quoting *Terry v. Tyson Farms, Inc.*, 604 F. 3d 272, 275-76 (6th Cir. 2010).

Plaintiff repeatedly throughout her complaint deceptively uses the word "Defendants" to attribute conduct to Defendant Heights which Plaintiff actually alleges only against Athena Bitcoin. A general theme in her Amended Complaint and Reply in Response to Defendant Heights' Motion to dismiss is to make detailed factual allegations against Defendant Athena Bitcoin and then simply attribute those allegations to Defendant Heights. Each count against Defendant Heights hinges in some way on Defendant Heights' knowledge of cryptocurrency schemes against elderly people. Plaintiff made no factual allegations in her Amended Complaint regarding Defendant Heights' knowledge of cryptocurrency schemes. She did make extensive and detailed allegations against Athena Bitcoin. She tries to clean that up in her Reply to Defendant Heights' Motion to Dismiss. That attempt also fails. She claims that because Athena Bitcoin and others published articles on cryptocurrency scams on their websites, Defendant Heights had the same knowledge as Athena Bitcoin. Plaintiff made no allegations in her Amended Complaint that Defendant Heights ever saw those websites or that it was required to view the websites. Defendant Heights is one convenience store. It is not in the bitcoin business. It has no expertise in bitcoin or cryptocurrency. Plaintiff does not allege that such knowledge or expertise is required by Defendant Heights to have a kiosk in its store. In fact, Plaintiff had the exact same access to the published articles as Defendant Heights. If those published articles were enough to confer knowledge onto Defendant Heights, then they were enough to confer knowledge onto Plaintiff.

Plaintiff has not pled facially plausible claims against Defendant Heights. She simply makes conclusory statements and legal conclusions disguised as factual allegations. The Court, in *Phila. Indem. Ins. v. Youth Alive, Inc.,* 732 F.3d 645, 649 (6th Cir. 2013) (quoting *Terry v. Tyson Farms, Inc.*, 604 F. 3d 272, 275-76 (6th Cir. 2010) found:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. In considering a Rule12(b)(6) motion to dismiss, the court need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.

*Id at 649 (citations omitted).*

For all the above reasons, Plaintiff's Amended Complaint should be dismissed.

Respectfully submitted,

*/s/ Annemarie LoConti*

_____

Annemarie LoConti (0086771)
LoConti Law Group, LLC
200 Park Avenue, Suite 400
Orange Village, OH 44122
(216)358-6007
(440) 815-2129
aloconti@locontilaw.com

<u>CERTIFICATE OF SERVICE</u>

      A copy of the foregoing Notice of Appearance was filed on March 7, 2025 and notice will be provided to all registered users via the CM/ECF system. I hereby further certify that on March 7, 2025 a true and correct copy of the foregoing was sent to the following parties via ordinary U.S. Mail, postage prepaid to:

      Heights Tobacco, Inc. d/b/a
      Discount Tobacco & Beverage
      c/o Michael Brady, Reg. agent
      744 Richmond Road
      Richmond Heights, OH 44143

*/s/ Annemarie LoConti*

Annemarie LoConti